UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CARL A. ECHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00378-JMS-MJD |
| | ) | |
| X. ROESSLER, VRZINA SGT., | ) | |
| C B. MIFFLIN Counselor, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Granting Plaintiff's Request to Incorporate Documents,
Granting Defendants' Motion to Dismiss, Denying Pending Motions as Moot,
and Directing Entry of Final Judgment**

## I. Introduction

Carl A. Echols, an Indiana inmate incarcerated at the Wabash Valley Correctional Facility, brought this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* in Sullivan County Superior Court. He could not have commenced it in this Court without paying the full filing fee because he was prohibited from doing so, *in forma pauperis*, by 28 U.S.C. § 1915(g) due to his bringing three or more actions that were dismissed as frivolous, malicious, or for failing to state a claim. Mr. Echols was given notice of this in *Echols v. Latour*, Case No. 2:14-cv-00057-JMS-WGH (S.D. Ind. March 11, 2014). Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, and moved the Court to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss it. The Court announced it would treat the motion as a motion to dismiss and gave Mr. Echols an opportunity to be heard in opposition. Mr. Echols has responded, and defendants have replied.

## II. Request to Incorporate Documents

Plaintiff's request to incorporate documents, dkt. [9], is **granted**. The Court has reviewed these submissions in the course of addressing the pending motions in this action.

### III. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Requirements for stating a claim under the federal pleading standards are straight forward. A pleading that states a claim for relief must set forth "a short and plain statement of the grounds for the court's jurisdiction . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for relief sought." *Fed. R. Civ. P.* 8(a). In considering motions to dismiss for failure to state a claim, the court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

Additionally, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 680. A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay,*

*Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). In reviewing *pro se* complaints, the Court employs a liberal construction and applies a less stringent standard than when it reviews pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

This is the same standard applied to screening *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915A. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

## IV. Plaintiff's Complaint

Mr. Echols asserts that defendant Correctional Officer X. Roessler allows certain other offenders on Mr. Echols' pod to remain out of their cells with free movement, which Mr. Echols asserts is a risk to his safety. Defendant Sgt. Vrzina has been present on the unit when these offenders are out of their cells. Defendant B. Mifflin is a counselor who Mr. Echols asserts denied him a grievance form to complain about the other offenders being allowed out of their cells. Mr. Echols seeks better access to the grievance procedure and a stop to the practice of exposing some offenders to a safety risk from other offenders.

The attachments to the complaint reflect that Mr. Echols has complained to prison officials that this is a continuing problem commencing on or about June 14, 2017.

## V. Discussion

Defendants' motion for screening, treated as a motion to dismiss, argues that Mr. Echols fails to state a claim upon which relief can be granted because, to paraphrase their argument, he is complaining not about constitutional rights but about details of prison management and administration. Dkt. 5, pp. 3-4. They argue that Mr. Echols has only made a vague allegation about his safety and has not explained how his safety is in danger. They also argue that Mr. Echols brings his complaint against Counselor Mifflin for one alleged instance of not furnishing a grievance form, which, they argue, likewise does not give rise to a constitutional claim.

In response, Mr. Echols argues that his safety is indeed in danger because defendants have "been meeting with the [other offenders] and easily could have supplied [them with] a copy of plaintiff's state civil complaint . . . and order [a] hit plot for plaintiff['s] life . . . ." Dkt. 7, p. 4. He also argues that the allegations in his complaint are true.

Claim Against Counselor Mifflin

Mr. Echols argues that Counselor Mifflin is liable to him for not providing him with a grievance form, which caused him to be unable to exhaust his administrative remedies. This is an argument as to whether an administrative remedy was available to him, but not a stand-alone constitutional ground. "Any right to a grievance procedure is a procedural right, not a substantive one" and, therefore, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995); *Shango v. Jurich*, 681 F.2d 1091, 1100–01 (7th Cir. 1982) (holding that protected liberty interests are not triggered by state-created procedural protections). *See also Kentucky Dept. Of Corrections v. Thompson*, 490 U.S. 454, 460–65 (1989); *Reed v. Clark*, 984 F.2d 209, 210 (7th Cir. 1993). Even a state's violation of its own grievance procedures does not deprive an inmate of federal constitutional rights, and therefore, is not actionable under section 1983. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

The claim against Counselor Mifflin is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

Claim Against Officer Roessler and Sgt. Vrzina

Prisons are by their nature dangerous places. *Farmer v. Brennan*, 511 U.S. 825, 858 (1994) (Thomas, J., concurring). Under the Eighth Amendment, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotation omitted);

*Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). An inmate can prevail on a claim that a prison official failed to protect him if the official showed "deliberate indifference;" that is, that the defendant was subjectively aware of and disregarded a "substantial risk of serious harm" to the inmate. *Farmer*, 511 U.S. at 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). To make a guard subjectively aware of a serious risk of attack, the inmate must communicate a specific and credible danger. *Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010); *Santiago v. Lane*, 894 F.2d 218, 220, 223–24 (7th Cir. 1990); *Young v. Selk*, 508 F.3d 868, 873-74 (8th Cir. 2007).

Here, Mr. Echols' assertion of a risk of harm is speculative at best. The complaint contained no specific allegation of credible danger, and in his response to the motion to dismiss, Mr. Echols only speculates that defendants *could have* shown his state court complaint to other offenders who *could have* then decided to harm him. Notwithstanding that this speculative danger could have occurred only *after* Mr. Echols filed his state court lawsuit, it remains that the assertion is not a specific and credible danger. *See Dale*, 548 F.3d at 569 (prisoner's "vague statements that inmates were 'pressuring' him and 'asking questions'" were insufficiently specific to put guards on notice that he was in danger). Having some offenders walking outside of their cells in the housing pod while others remained locked in their cells does not create a specific and credible danger to those still locked down. Accordingly, there was no specific and credible danger alleged in the complaint, and thus no deliberate indifference. As to the speculative danger alleged in Mr. Echols' response, it, too, fails to meet the specific and credible standard.

The claim against Officer Roessler and Sgt. Vrzina is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A.

## VI. Motion to Appoint Counsel and Motion for Leave to Proceed *In forma pauperis*

The motion to appoint counsel, dkt. [13], is **denied**. Because the complaint and action are being dismissed, this motion is moot.

The motion for leave to proceed *in forma pauperis*, dkt. [14], is **denied**. Defendants paid the filing fee when the action was removed from state court.

## VII. Conclusion

The Court finds that Mr. Echols' complaint fails to state a claim upon which relief can be granted, *see* 28 U.S.C. § 1915A, and accordingly, defendants' motion to dismiss, dkt. [4], is **granted** and this action is **dismissed**. Because Mr. Echols was given notice that the Court intended to treat defendants' motion for screening as a motion to dismiss and called for Mr. Echols to file a response, which he did, no further notice is required before dismissing this action.

Final judgment consistent with this Entry shall now enter.

**IT IS SO ORDERED**.

Date: 10/24/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Carl A. Echols
866351
Wabash Valley Correctional Facility - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Ryan Joseph Sterling
INDIANA ATTORNEY GENERAL
ryan.sterling@atg.in.gov